# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GIL, | CASE NO. 1:10-cv-992-MJS (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO CHANGE ADDRESS AND REQUEST TO UTILIZE ELECTRONIC FILING |
| v. | |
| JAMES A. YATES, et al., | (ECF No. 8) |
| Defendants. | PLAINTIFF TO PROVIDE HIS CURRENT ADDRESS BY JANUARY 31, 2011 |

Plaintiff Francisco Gil ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Request for Approval of Authorization of a Power of Attorney to my Brother That was Notarized at Pleasant Valley State Prison." (ECF No. 8.) Plaintiff asks the Court to allow him to have his mail sent to his brother's address rather than sent directly to him in prison.

The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in 28 U.S.C. § 1654. It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities. See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). Plaintiff alleges that he has executed a power of attorney authorizing his brother to act on his behalf while he is incarcerated. However, there is no such power of attorney attached to the instant Motion. Even if such document had been presented to the Court, Local Rules provide that a person acting pro se cannot delegate

the duty to appear before the Court to any other individual.  L.R. 83-183(a).  Thus, the Court will not permit Plaintiff's brother or—any other non-attorney—to represent him in this proceeding.

Plaintiff also asks the Court to allow him to file papers and manage this litigation through the Court's electronic filing system.  The Court does not generally allow pro se litigants to file documents through the electronic system.  See Local Rule 133(a) ("Pro se parties shall file and serve paper documents as provided in these Rules.")  Plaintiff has failed to establish a basis for deviating from the general practice in this case.  Accordingly, Plaintiff's request to utilize the Court's electronic filing system is DENIED.

Plaintiff is obliged to keep the Court apprised of his current address.  See L.R. 182(f).  It is unclear from the record whether Plaintiff is currently incarcerated at Pleasant Valley State Prison or residing in Mexico.  Plaintiff is hereby ordered to provide his current address to the Court not later than **January 31, 2011**.  **Failure to comply with this deadline may result in dismissal of this action** for failure to obey a court order.

IT IS SO ORDERED.

Dated:   January 10, 2011            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE