# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GIL,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES A YATES, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:10-cv-992-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>PLAINTIFF MUST SHOW CAUSE OR PROVIDE CURRENT ADDRESS BY FEBRUARY 28, 2011 |

    Plaintiff Francisco J. Gil ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 10, 2011, the Court ordered Plaintiff to provide a current address by January 31, 2011.  To date, Plaintiff has failed to file his current address with the Court.

    Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Carey v. King, 856 F.2d 1439,

1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

Because Plaintiff is representing himself in this action, it is imperative that the Court be able to maintain contact with him. Plaintiff has a continuing obligation to maintain a current address with the Court, see Local Rule 83-183(b), and the Court must insist on strict compliance with this rule. Accordingly, Plaintiff is hereby ordered to show cause not later than **February 28, 2011** as to why his case should not be dismissed for failure to comply with the Court's order that he provide a current address. If Plaintiff provides his current address by February 28, 2011, the Court will consider this order to show cause satisfied.

Plaintiff is warned that failure to comply with this Order and meet the deadline herein will result in dismissal of this action.

IT IS SO ORDERED.

Dated: February 7, 2011          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE