# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO J. GIL, | CASE NO.    1:10-cv-00992-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| JAMES A. YATES, et al., | (ECF No. 31) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

_____/

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On June 4, 2010, Plaintiff Francisco J. Gil, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 23) were screened and dismissed, with leave to amend, on May 25, 2012 and October 29, 2012, respectively, for failure to state cognizable claims.  (ECF Nos. 17, 24.)  Plaintiff's Second

Amended Complaint (ECF No. 31) is now before the Court for screening.

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.   SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff names the following Pleasant Valley State Prison (PVSP) officials as Defendants: (1) James A. Yates, Warden; (2) Felix Igbinosa, Chief Medical Officer; (3) Ryan, Registered Nurse; (4) Johnson, Licensed Vocational Nurse; and an unspecified number of John Does.

Plaintiff alleges the following:

2

Valley Fever is a serious disease that can affect various parts of the body and for which there is no cure.  The disease is endemic to PVSP where Plaintiff was confined from May 7, 2002 until September 9, 2010.  While in custody Plaintiff developed flu like symptoms consistent with Valley Fever contraction.  The Defendants denied Plaintiff diagnostic testing necessary for an official diagnosis and treatment.  Plaintiff was denied an examination "because [he] was known as a paper/writ pusher . . . ."  (Compl. at 3.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

3

**B.**     **Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. Iqbal, 129 S.Ct. at 1948. Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Id. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff contends that the Defendants denied him adequate medical care in response to his exercise of First Amendment rights. The Second Amended Complaint raises Eighth and First Amendment claims. However, before addressing the potential merits of Plaintiff's substantive claims, the Court observes that Plaintiff has failed to link any alleged violation to any Defendant. This repeated failing reflects an inability of Plaintiff to so link the Defendants and compels dismissal.

4

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1948; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff's statement of facts mentions no particular Defendant by name or attributes any wrongful act to a particular Defendant. Attribution of all wrongful acts to all Defendants as a group is insufficient without some indication as to how each was involved and how he or she participated in the alleged violations of Plaintiff's rights.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations); Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).

Each of the Court's previous screening orders notified Plaintiff of this pleading deficiency and instructed him that, to state a cognizable claim, he must allege facts demonstrating exactly how each Defendant contributed to an alleged violation of Plaintiff's rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).  Because Plaintiff appears unable to correct the shortfalls in his claim, dismissal without leave to amend is appropriate.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**V.    CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly,

Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.


IT IS SO ORDERED.

Dated:   May 17, 2013            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

6